Argued and submitted October 8, Court of Appeals reversed and remanded to circuit court for resentencing November 17, 1987

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## KENNETH RAY NAIL,
*Petitioner on Review.*

(TC 86-2107, 86-2183; CA A43294; SC S34234)

745 P2d 415

Lawrence J. Hall, Deputy Public Defender, Salem, argued the cause for petitioner on review. On the petition was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent on review.

LENT, J.

## LENT, J.

The issue in this case is whether the circuit court had power to impose consecutive terms of imprisonment for two felonies committed by defendant as part of the same transaction, which occurred November 17, 1986. We hold that the court had that power. The resolution of the issue has been from the start obvious, and we did not allow review with any doubt whatsoever that the court had authority to impose consecutive terms of imprisonment.

As the Deputy Public Defender acknowledged during oral argument, the petition for review filed by the Public Defender[1] in this case is "an exhaustion of remedies" petition. The Public Defender believes that he is under a duty to "exhaust state remedies" by filing petitions for review in this court even when there are no colorable grounds whatsoever. He believes this because of the decision in *Batchelor v. Cupp,* 693 F2d 859 (9th Cir 1982).

In *Batchelor* the Ninth Circuit, on its own initiative and in the face of contrary arguments by the Oregon Attorney General for respondent Superintendent Cupp of the Oregon State Penitentiary, announced that federal habeas corpus review was unavailable if a prisoner had not first exhausted state appeals through the level of petitioning this court for discretionary review, expressly disapproving a contrary understanding between the Attorney General and the Oregon Public Defender (although this rule was not applied in *Batchelor* itself). The Ninth Circuit did not and probably could not literally impose a "duty" on the Public Defender to do so, because the Fourteenth Amendment has heretofore been applied by the United States Supreme Court to entitle defendants represented by public defenders only to an appeal to the first appellate level. *Anders v. California,* 386 US 738, 87 S Ct 1396, 18 L Ed 2d 493 (1967); *Ross v. Moffitt,* 417 US 600, 94 S Ct 2437, 41 L Ed 2d 341 (1974). So the Public Defender feels obliged to file petitions to this court in practically every case, not by a constitutional but by a professional obligation to save his clients' privilege, however empty it may be on the merits, not to have a federal habeas corpus petition dismissed

---

[1] This refers to the Public Defender (sometimes called the "State Public Defender") appointed pursuant to ORS 151.280.

for failure to exhaust Oregon remedies. Indeed, the Public Defender has extended this "exhaustive" practice beyond criminal appeals to appeals from the Board of Parole and from denials of post-conviction relief.

When the federal court questioned the existing arrangement, the Attorney General argued that this court was a "policy-making" court and that it would be a great burden to force this court to review a large number of petitions for review in criminal matters to uncover mere trial errors, even of constitutional magnitude. The *Batchelor* court answered the argument:

> "Oregon places great value upon limiting the Oregon Supreme Court's workload, but the public defender should not be a broker for the cases that will or will not be presented to the Oregon Supreme Court. Public defenders' responsibility to represent their clients forcefully cannot be diluted by an option not to seek review of 'unimportant' cases. Any system that would vest in the public defender an option to bypass state Supreme Court review deliberately while retaining the possibility of federal habeas corpus review is inconsistent with § 2254.

> "We are confident that Oregon can employ creative summary procedures so that state prisoners may present their federal constitutional claims to the Oregon Supreme Court before coming to federal court. In the future, the exhaustion requirement of § 2254 will not be deemed satisfied until the petitioner demonstrates that his claim has been presented to the state's highest court, or that no state remedy is available and that the nonavailability was not caused by a deliberate bypass."

693 F2d at 863.

The decision in *Batchelor* has resulted in a flood of "exhaustion of remedies" petitions for review in this court. Despite the confidence of the Court of Appeals for the Ninth Circuit that "Oregon can employ creative summary procedures," it just does not work that way. That decision does nothing but to require useless expenditure of the resources of the people of Oregon. The labor and materials of the Public Defender, the Attorney General and this court are all uselessly expended in this exhaustion of remedies, which accomplishes nothing more than a delay in bringing to the United States

District Court for the District of Oregon whatever the convicted felon intended to assert there following an affirmance of his conviction by the Court of Appeals of the State of Oregon.

We allowed review in this case to make the above observations and publicly to bring to the attention of the Public Defender the existence of ORS 137.122.

Defendant was charged with having committed four felonies on November 17, 1986: (1) assault in the first degree, (2) assault in the second degree, (3) burglary in the first degree and (4) burglary in the first degree. As a result of plea discussions, a procedure sanctioned by ORS 135.405 to 135.445, an agreement was reached under which defendant agreed to plead guilty to the two assault charges and the district attorney agreed to dismiss the two burglary charges, not to initially institute proceedings under ORS 161.725 to seek dangerous offender sentencing, to take no position on whether defendant's sentences should be concurrent or consecutive and not to seek probation revocation on certain matters pending in district court in the same county.

Defendant's petition to plead guilty to the two counts of assault was allowed, and his guilty pleas were accepted.

Following submission of a presentence report, the circuit court imposed a term of imprisonment of 20 years with a five-year minimum for the crime of assault in the first degree and a term of imprisonment of 10 years with a 30-month minimum for the crime of assault in the second degree. The court ordered that the sentences be served consecutively.

Defendant appealed under ORS 138.050, which allows a defendant who has pleaded guilty to appeal from a judgment of conviction where the sentence imposed exceeds the maximum sentence allowable by law.

In his brief on appeal, he contended that the sentence exceeded the maximum sentence allowed by law because the court had no authority to impose consecutive sentences. This is a contention that the Public Defender has raised in case after case on appeal to the Court of Appeals. In its brief in that court, the state, as it has done in case after case, pointed out that ORS 137.122, enacted by Oregon Laws 1985, chapter 722, section 2, empowers the trial court to impose consecutive

terms of imprisonment and that the statute became effective September 30, 1985.

The Court of Appeals, as it has done in case after case of this kind, affirmed the conviction from the bench.

As he has done in case after case, the Public Defender petitioned this court for review, repeating the argument that he made to the Court of Appeals and ignoring the fact that ORS 137.122 exists.

In defendant's brief by the Public Defender in the Court of Appeals in this case and in the petition for review in this court, defendant contended that the decision of this court in *State v. Jones,* 250 Or 59, 440 P2d 374 (1968), was erroneous in holding that the trial courts of this state have inherent power to impose consecutive terms of imprisonment even in the absence of statute. He also urges that the imposition of consecutive terms of imprisonment without statutory authorization offends the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States. He relies on *Whalen v. United States,* 445 US 684, 100 S Ct 1432, 63 L Ed 2d 715 (1980), where the court said:

"The Due Process Clause of the Fourteenth Amendment, however, would presumably prohibit state courts from depriving persons of liberty or property as punishment for criminal conduct except to the extent authorized by state law."

445 US at 689 n 4.

No matter whether defendant's arguments about the validity of *State v. Jones, supra,* and the effect of *Whalen v. United States, supra,* were correct prior to the enactment of ORS 137.122, neither argument is any longer relevant or efficacious. Since September 30, 1985, the Oregon statute provides:

"(1) A term of imprisonment imposed by the court may be made concurrent or consecutive to any other term of imprisonment which has been previously imposed or is simultaneously imposed upon the same defendant. The court may provide for consecutive terms of imprisonment only in accordance with the provisions of this section. A term of imprisonment shall be deemed to be a concurrent term unless the court's order expressly provides for consecutive terms of imprisonment.

"(2)   If a defendant is simultaneously sentenced for criminal offenses that do not arise from the same continuous and uninterrupted course of conduct, or if the defendant previously was sentenced by any other court within the United States to a term of imprisonment which the defendant has not yet completed, the court may impose a term of imprisonment concurrent with or consecutive to the other sentence or sentences.

"(3)   When a defendant has been found guilty of more than one criminal offense arising out of a continuous and uninterrupted course of conduct, the sentences imposed for each resulting conviction shall be concurrent unless the court complies with the procedures set forth in subsection (4) of this section.

"(4)   The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct only if the court finds:

"(a)   The criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime; or

"(b)   The criminal offense for which a consecutive sentence is contemplated caused or created a substantial risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a substantial risk of causing loss, injury or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course of conduct.

"(5)   When the court makes the findings provided in paragraph (a) or (b) of subsection (4) of this section, it may, in its discretion, impose a consecutive sentence for each criminal conviction arising out of a continuous and uninterrupted course of conduct for which such a finding has been made. The court may impose a consecutive sentence if the court finds that the actual term of incarceration would not otherwise be commensurate with the seriousness of the total course of defendant's criminal conduct or the public would not be adequately protected if a concurrent term of imprisonment were imposed.

"(6)   Whenever the court imposes a consecutive sentence under this section, it shall state its reasons for doing so and

make all required special findings on the record at the time of sentencing."

Useless as the task may be that the *Batchelor* decision has forced on the Public Defender, performance thereof does not permit the Public Defender simply to ignore the existence of a statute that meets the requirements of the Constitution of the United States in the manner described in *Whalen v. United States, supra.*

■■ Because defendant pleaded guilty to assaulting two individuals "as part of the same act or transaction," as the indictment charged, the circuit court had authority to impose consecutive sentences, but only if the court complied with ORS 137.122. It is readily apparent that the statute makes concurrent sentences the norm and consecutive sentences the exception. It permits consecutive sentences only if the court makes the findings provided in ORS 137.122(4)(a) or (b). It is "apparent on the face of the record," ORAP 7.19(5), that the circuit court did not make findings in accordance with those subsections. The document in the trial court file entitled "SENTENCE" contained the following:

"The court makes the specific finding of the following agrevating [sic] factors:

"A. Use of any weapon during the criminal episode, i.e. brass knuckles covered with black electrical tape.

"L. Repetition of behavior pattern, which contributes to criminal conduct, i.e., return to drug and alcohol abuse: crime committed while under the influence of alcohol and drug and crime committed to obtain money to support drug addiction."

These findings relate to the matrix used by the Board of Parole; they do not relate to the statutory requirements for consecutive sentences. They do not comply with ORS 137.122.[2]

The decision of the Court of Appeals is reversed, and this case is remanded to the circuit court for resentencing.

---

[2] It is possible that the circuit court made the requisite findings orally, but the court denied defendant's motion for a transcript at public expense, which precludes us from discovering if there were findings. By mentioning this we do not mean to imply that oral findings will, or will not, meet the statutory requirements.