Michael Ray LOUNSBURY,
Petitioner–Appellant,

v.

Frank S. THOMPSON, Respondent–
Appellee.

No. 02–35863.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 8, 2003.

Filed June 29, 2004.

Christopher Schatz, Assistant Federal Public Defender, Portland, OR, for the petitioner-appellant.

Timothy Sylwester, Assistant Attorney General, Salem, OR, for the respondent-appellee.

Before: GOODWIN, HUG, and BERZON, Circuit Judges.

GOODWIN, Circuit Judge:

Michael Lounsbury appeals the denial of his habeas petition, which alleges substantive and procedural errors affecting the determination of his competency to stand trial.

## BACKGROUND

In December 1991, Lounsbury was indicted on 11 counts of aggravated murder for killing Adrienne Thomas in Portland, Oregon. The state trial court held three hearings to determine whether Lounsbury was mentally fit to stand trial.

Under Oregon law, if a court "has reason to doubt the defendant's fitness to proceed by reason of incapacity," the court may order an examination by a psychiatrist or a psychologist, and may commit the defendant to a state mental hospital for a competency evaluation. Or.Rev.Stat. § 161.365. "Incapacity" may be found if, as a result of mental disease or defect, the defendant is unable:

(a) To understand the nature of the proceedings against the defendant; or

(b) To assist and cooperate with the counsel of the defendant; or

(c) To participate in the defense of the defendant.

Or.Rev.Stat. § 161.360(2).

At the first hearing, the defense presented two mental health experts whose opinions left the court in doubt. Following the recommendation of one of the experts, the court deferred determination of Lounsbury's competency in order to ascertain whether anti-psychotic medication would improve Lounsbury's ability to assist in his own defense. At a second hearing, on September 9, 1992, the state attempted to show that Lounsbury was malingering. The prosecutor called two police officers and a fellow inmate who had observed Lounsbury's behavior before and after the date of the crime. The defense recalled its two experts. One of the experts testified that Lounsbury understood the role of the judge and the attorneys, as well as court procedures and the charges against him, but he nonetheless was unable to aid and assist in a "meaningful" way. The other expert, Dr. Edward Colbach, was more equivocal—he stated that he was "not comfortable saying that [Lounsbury was] competent to stand trial"—and admitted that this tentative conclusion was influenced by his belief in the honesty of Lounsbury's attorneys. The court was still unsatisfied, and committed Lounsbury to the Oregon State Mental Hospital (OSMH) for a competency evaluation. Lounsbury was institutionalized from September 14 to October 27, 1992.

At the final competency hearing, on February 5, 1993, the court heard from Dr. Richard Hulteng of the OSMH, who stated that in his opinion, Lounsbury was probably malingering, and in any case, was competent to stand trial. He also testified that the symptoms reported by the defense experts lessened or disappeared during the course of Lounsbury's stay at the OSMH. At this hearing, the state also argued that the burden of proof to show incompetency lay with the defense because Oregon Rule of Evidence 311 presumes that a defendant is competent. The court rejected the state's assertion on "the order of proof" but without deciding that question, ruled that Lounsbury was competent and set the case for trial.

The jury convicted Lounsbury in March 1993, rejecting his insanity defense. He appealed his conviction to the Oregon

Court of Appeals. His appeal included an assertion that the trial court erred in failing to articulate the proper burden of proof at his competency hearing and in determining that he was competent to stand trial. The Oregon Court of Appeals affirmed without opinion.

In his petition to the Oregon Supreme Court, Lounsbury again raised the issue whether the convicting court correctly dealt with the burden of proof, along with a general challenge to the pretrial finding that he was competent to proceed to trial. The Oregon Supreme Court denied review.

After making his way through state post-conviction proceedings,[1] Lounsbury raised the following federal claim in district court:

> Petitioner was denied due process of law and equal protection of the law as guaranteed under Amendments V and XIV to the United States Constitution.

Lounsbury divided his federal claim into two parts: (1) that he was tried when he was not mentally competent, and (2) that the state courts had denied him due process by ignoring his burden of proof argument. The district court held that his due process claim (that he was tried while incompetent) was procedurally defaulted because it was not included in his petition for review to the Oregon Supreme Court.

Relying in part on *Peterson v. Lampert*, 277 F.3d 1073, 1074 (9th Cir.2002), *vacated by* 295 F.3d 933 (2002), the district court rejected Lounsbury's assertion that the question of his fitness to stand trial was a "necessary corollary" to the burden of proof issue that he raised in his state court petition for review. This ruling presents the primary question in this appeal.

## PROCEDURAL DEFAULT

■ Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), federal habeas relief is not available to a state prisoner unless the state court decision: (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The AEDPA requires federal courts to accord considerable deference to a state court's adjudication of federal issues. However, where, as here, the state courts' decisions are rendered without providing a rationale, we must undertake an independent review of the record. *Delgado v. Lewis*, 223 F.3d 976, 981–82 (9th Cir.2000).

■ To obtain federal habeas relief, a state petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(1); *Peterson v. Lampert*, 319 F.3d 1153, 1155 (9th Cir.2003) (en banc). A petitioner is deemed to have exhausted state remedies if he makes a fair presentation of his federal claims to the state courts. *Peterson*, 319 F.3d at 1155–56. Fair presentation requires that a state's highest court has "a fair opportunity to consider [an appellant's constitutional claim] and to correct that asserted constitutional defect." *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *see also Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir.1999) (requiring that petitioner "alert" the state courts of the

---

1. The Circuit Court of Oregon, Marion County, found that Lounsbury challenged the constitutionality of the competency determination on direct appeal but held that "[t]hose issues which were … raised on direct appeal can-

not be grounds for post-conviction relief." The state appellate court affirmed this order without opinion, and the Oregon Supreme Court again denied review.

constitutional issues that are on appeal). A procedural default occurs when a post-conviction petitioner fails to make the substance of his claim known to the state court and can no longer raise them through any state procedure.

■ In this case, the question is whether Lounsbury's state court petition for review fairly presented his substantive claim that he was tried while mentally incompetent. Competency disputes can give rise to two distinct claims—substantive and procedural—that trigger different analyses under the general heading of due process. *See Williams v. Woodford,* 306 F.3d 665, 704–05 (9th Cir.2002); *see also Walton v. Angelone,* 321 F.3d 442, 459 (4th Cir.2003) ("Competency claims can raise issues of both procedural and substantive due process."). The two claims are sufficiently related, however, that exhausting the procedural (burden of proof) claim may also exhaust the substantive claim that the petitioner was tried while incompetent.

Lounsbury worded his petition for review as a procedural challenge, but the clear implication of his claim was that by following a constitutionally defective procedure, the state court erred in finding him competent. Where the substantive and procedural claims are as intertwined as they are here, we hold that Lounsbury made a fair presentation to the state courts of his claim that he was not competent to stand trial. *Cf. Wells v. Maass,* 28 F.3d 1005, 1008 (9th Cir.1994) (concluding that, read in context, Wells' claim that his guilty plea was involuntarily made put state court on notice of his ineffectiveness of counsel claim).

The distinction between Lounsbury's petition in this case and the clear default in *Peterson v. Lampert* is that the petitioner in *Peterson* specifically limited the issue on state habeas review to a state constitutional question on "inadequate" assistance of counsel, citing to Oregon case law only. 319 F.3d at 1155. We held there that the "clear language" and "explicit qualification" contained in his petition for review indicated that Peterson "made a deliberate, strategic choice not to present the federal issue in his petition." *Id.* at 1159.

Lounsbury's petition, on the other hand, included no such qualification, and unquestionably alleged a due process violation under the federal constitution. His petition stated: "[D]efense counsel below argued that [Lounsbury] was not able to aid and assist. He clearly suffered from a mental condition." To read Lounsbury's petition for review without being aware of the substantive competency claim would be to impute a strategic choice to abandon the substantive claim.

Such imputation would be inappropriate in light of the dilemma Lounsbury's lawyer faced in framing the issues in the petition for review to the Oregon Supreme Court. Criminal defense attorneys in Oregon are required to conform their arguments to two demands that are in some tension with each other: the Supreme Court's pronouncement in *O'Sullivan v. Boerckel,* 526 U.S. 838, 846–48, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999), that criminal defendants must seek discretionary review of all claims in order to meet the 28 U.S.C. § 2254 exhaustion requirement, and Oregon's Rules of Appellate Procedure, which require that each petition for review "shall" contain a statement concerning why the petition raises issues which "have importance beyond the particular case." Or. R.App. P. 9.05(7)(f) (2004);[2] *see also* Or.

---

**2.** In some cases, the quoted sections of Oregon's Rules of Appellate Procedure were numbered differently when Lounsbury submitted his petition to the Oregon Supreme Court in 1995. However, the relevant content has remained unchanged in each in-

R.App. P. 9.07 (2004) ("Criteria for Granting Discretionary Review"); *Baldwin v. Reese*, —— U.S. ——, ——, 124 S.Ct. 1347, 1350, 158 L.Ed.2d 64 (2004) (noting that the Oregon rules require litigants seeking discretionary review to explain why the questions presented have special importance). The Oregon Rules further expressly state that this requirement cannot be fulfilled by merely including "[a]n assertion of the grounds on which the decision of the Court of Appeals is claimed to be wrong, without more." Or. R.App. P. 9.05(8) (2004).[3] Additionally, the Supreme Court of Oregon has expressed its frustration with the practice of raising claims in a petition for review merely to exhaust remedies for federal habeas corpus purposes, stating that the practice leads to a "useless expenditure of the resources of the people of Oregon." *State v. Nail*, 304 Or. 359, 745 P.2d 415, 416 (Or.1987) (en banc).

Oregon attorneys are thus presented with the dilemma of having to say enough in their petitions for review to exhaust under *O'Sullivan* while, if possible, presenting claims not so fact or case-specific that they run afoul of the Oregon Rules of Appellate Procedure. Under Rule 9.05(7)(f) & (8), it appears that a claim that the Court of Appeals erred in a case-specific way could not properly be expressly raised in a petition for review. Attorneys in Oregon therefore must strive, if they can, to word their petitions for review in such a way that *if* review is granted, the Oregon Supreme Court could reach all the issues they endeavor to exhaust, while abiding by the applicable Rule concerning the content of petitions for review. *Cf.* Or. R.App. P. 9.20 (2004) (providing that the Supreme Court may, but need not, consider any issue raised in the petition for review *or* before the Court of Appeals). *Baldwin* was particularly sensitive to the need to adopt federal exhaustion criteria that do not require state appellate judges to "alter their ordinary review practices." —— U.S. at ——, 124 S.Ct. at 1350.

Against this backdrop, we hold that Lounsbury adequately exhausted his substantive competency claim where (1) that claim was closely related to, and concerned the very same trial court legal ruling as, the claim that was concededly adequately raised; (2) the Oregon Supreme Court, under its own rules, could have reached the substantive competency issue had review been granted because it was squarely raised in the Court of Appeals brief; (3) the text of the petition includes the substantive claim; and (4) had the Oregon Supreme Court accepted review even over the procedural issue only, it could have discussed the strength of the substantive competency claim in the course of conducting a harmless error analysis for the procedural competency claim.

Accordingly, we conclude that the district court erred in deciding that Louns-

---

stance. *See* Or. R.App. Proc. 9.05(3)(f) (1994) for the version of Rule 9.05(7)(f) that applied in 1995.

**3.** This aspect of the Oregon Rules of Appellate Procedure is different from the state law rule discussed in *O'Sullivan*, in which the rule endeavored merely to provide guidance on what cases would be suitable for discretionary review. *See O'Sullivan*, 526 U.S. at 843, 845–47, 119 S.Ct. 1728. Here, although Rule 9.07 provides similar non-binding guidance, Rule 9.05(7)(f) & (8) make clear that a petition for review *must* contain a statement that the issues raised have "special importance beyond the particular case" and a mere assertion of error is insufficient to merit review. *See* Or. R.App. P. 9.05(4) (1994) for the 1995 version. Under 28 U.S.C. § 2254(c) and *O'Sullivan*, one *could* view discretionary relief as simply unavailable in Oregon for fact-based claims, in light of the rules the opinion cites. *See O'Sullivan*, 526 U.S. at 847–48, 119 S.Ct. 1728 (noting that § 2254(c) requires exhaustion only of available state remedies).

bury's claim was barred by procedural default. It was presented, and rejected by the state courts. We express no opinion on the merits of this claim because it was not reached by the district court. We hold only that it was not procedurally defaulted.

## BURDEN OF PROOF

■ As to Lounsbury's procedural claim on the allocation of the burden of proof, we agree with the district court that the state trial court reasonably applied federal law. *See Medina v. California,* 505 U.S. 437, 451, 112 S.Ct. 2572, 120 L.Ed.2d 353 (1992) (holding that the state need not assume the burden of proof and that "it is enough that the State affords the criminal defendant ... a reasonable opportunity to demonstrate that he is not competent to stand trial."). The district court did not err in holding that the state court gave Lounsbury a full opportunity to show that he was incompetent.

Because the error in declaring a procedural default kept the district court from deciding Lounsbury's substantive competency claim, however, we remand this case to the district court to give it the opportunity to decide whether the state court denied Lounsbury due process in finding him competent to stand trial.

REVERSED and REMANDED.