**Christopher Fernando BLANKS, Petitioner–Appellant,**

v.

**Silvia GARCIA, Warden, Respondent–Appellee.**

No. 03–56849.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 2004.

Decided Nov. 5, 2004.

Paul R. Ward, Esq., Redlands, CA, for Petitioner–Appellant.

Kevin R. Vienna, Esq., Office of The California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: PREGERSON, TASHIMA, and PAEZ, Circuit Judges.

## MEMORANDUM *

Christopher Blanks appeals the district court's dismissal of his petition for writ of habeas corpus for failure to exhaust his claim. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we reverse.

Blanks contends that the claims he asserted in state court fairly presented (1) the same factual substance—the trial court's summary denial of his request to replace appointed counsel with retained counsel, and (2) the same legal theory—that a defendant's Sixth Amendment right to counsel requires a court to inquire why a defendant seeks to replace counsel instead of summarily denying the request. We review de novo the question of whether a prisoner has exhausted state remedies. *Greene v. Lambert*, 288 F.3d 1081, 1086 (9th Cir.2002). Although the California Court of Appeal's opinion rejected Blanks' Sixth Amendment claim by analyzing only the issue of whether the trial court erred in failing to conduct a hearing pursuant to *People v. Marsden*, 2 Cal.3d 118, 84 Cal.Rptr. 156, 465 P.2d 44 (1970), it appears that Blanks indeed presented, in his state court briefs, his federal habeas argument that the trial court violated his Sixth Amendment rights by summarily denying his request to hire new counsel. *See Smith v. Digmon*, 434 U.S. 332, 333, 98 S.Ct. 597, 54 L.Ed.2d 582 (1978) ("[W]hether the exhaustion requirement has been satisfied ... cannot turn upon whether a state appellate court chooses to ignore in its opinion a federal constitutional claim squarely raised in petitioner's brief....").

We therefore conclude that the claim Blanks raised in his federal petition for writ of habeas corpus was at least the "substantial equivalent" of the claim presented to the state courts. *See* 28 U.S.C. § 2254(b)(1); *Gray v. Netherland*, 518 U.S. 152, 163, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996); *Picard v. O'Connor*, 404 U.S. 270, 278, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

Furthermore, we note that, even assuming that Blanks asserted a claim before the state courts that was separate and distinct from the claim asserted in federal court, these two claims were sufficiently related and intertwined such that Blanks fairly presented the substance of his federal claim to the state courts. As in *Lounsbury v. Thompson*, 374 F.3d 785 (9th Cir. 2004), the "clear implication" of Blanks'

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

claim in state court—that the trial court erred in failing to ask him why he wanted new counsel—is that, by following a constitutionally defective procedure, the trial court denied him the right to his choice of counsel. *See id.* at 788.

We therefore reverse the district court's determination that Blanks failed to exhaust his claim and remand for consideration of Blanks' petition on the merits. REVERSED AND REMANDED.