Calvin CHARLES, Petitioner–
Appellant,

v.

Manfred MAASS, Respondent–Appellee.

No. 05–36132.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 2006 *.

Filed Jan. 12, 2007.

C. Renee Manes, Esq., FPDOR—Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Lynn David Larsen, Esq., Lester R. Huntsinger, AGOR—Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before: FARRIS, CLIFTON, and BEA, Circuit Judges.

MEMORANDUM **

Calvin Charles appeals from the district court's denial of his petition for habeas corpus. We affirm.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

We review the denial of a 28 U.S.C. § 2254 habeas petition *de novo. Arredondo v. Ortiz,* 365 F.3d 778, 781 (9th Cir. 2004). The merits of this petition are viewed in light of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Under AEDPA, a habeas petition cannot be granted unless the state court decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

 Charles argues that he was denied his Sixth Amendment right to counsel because the trial court refused to replace his appointed lawyer. Indigent criminal defendants do not have a Sixth Amendment right to counsel of their choosing, however. *Caplin & Drysdale, Chartered v. United States,* 491 U.S. 617, 624, 109 S.Ct. 2646, 105 L.Ed.2d 528 (1989). In this case, the trial court's proper inquiry revealed that Charles wanted new counsel because he disagreed with tactical decisions within the sphere of his appointed lawyer's professional judgment. The Sixth Amendment does not entitle criminal defendants to new counsel under these circumstances. *See Schell v. Witek,* 218 F.3d 1017, 1026 (9th Cir.2000) (en banc); *Robinson v. Ignacio,* 360 F.3d 1044, 1057 (9th Cir.2004) (holding that Ninth Circuit precedent may be persuasive on habeas review for determining whether state court decisions apply federal law unreasonably).

 Charles was not forced to waive his right to representation by counsel; he did so "knowingly and intelligently." *Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Thus, the state court's decision to allow self-representation was not contrary to or unreasonable in light of clearly established federal law, nor was it based on an unreasonable factual determination. 28 U.S.C. § 2254(d)(1)-(2). Moreover, Charles cannot make an ineffective assistance of counsel claim after electing to represent himself. *Faretta,* 422 U.S. at 834, 95 S.Ct. 2525 n. 46 ("[A] defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.' ").

 Charles's claim of unconstitutional shackling is also unavailing. Charles failed to exhaust his state court remedy by submitting the matter for state court consideration after the expiration of the applicable limitations period. *See* 28 U.S.C. § 2254(b)(1)(A). Because Charles failed "to make the substance of his claim known to the state court and can no longer raise [it] through any state procedure," the claim is procedurally defaulted. *Lounsbury v. Thompson,* 374 F.3d 785, 788 (9th Cir.2004).

**AFFIRMED.**