**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMES WILLIAMS,

              Petitioner-Appellant,

v.

ROBERT HERZOG, Superintendent
Monroe Correctional Complex,

              Respondent-Appellee.

No.    15-35681

D.C. No. 2:13-cv-01470-JCC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted August 30, 2016
Seattle, Washington

Before:  GOODWIN, SCHROEDER, and McKEOWN, Circuit Judges.

    James Williams, a Washington state prisoner, appeals the district court's

denial of his habeas petition seeking to overturn his conviction of Murder in the

First Degree.

---

      [*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

His claim is that the trial court, at the time he entered his guilty plea, should have ordered a hearing on his competency. This is referred to as a procedural competency claim. In the state courts, however, he argued a different claim, *i.e.*, that he was incompetent to enter the plea, a claim referred to as a substantive competency claim. *See Godinez v. Moran*, 509 U.S. 389, 396, 398 (1993). The State contends the procedural claim is unexhausted and the petition properly denied on that ground. We agree.

Even assuming Williams's procedural claim can be regarded as having been exhausted because it was somehow intertwined with the substantive claim, *see Lounsbury v. Thompson*, 374 F.3d 785, 788 (9th Cir. 2004), it lacks merit. There had been previous determinations of Williams's competency. In accepting the plea, the trial court also accepted Williams's counsel's representation that although the plea was entered against the advice of counsel, Williams was competent to make it. There was no basis for a reasonable judge to question competency at that time. *See Davis v. Woodford*, 384 F.3d 628, 644 (9th Cir. 2004).

We decline to issue any further certificate of appealability.

**AFFIRMED**.