**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TONY RAY AMATI,<br><br>Applicant,<br><br>v.<br><br>BRIAN WILLIAMS, Warden,<br><br>Respondent. | No.  18-72277<br><br><br>ORDER* |

Application to File Second or Successive
Motion Under 28 U.S.C. § 2254

Submitted July 19, 2019**
San Francisco, California

Before: PAEZ, RAWLINSON, and MURPHY,*** Circuit Judges

Tony Ray Amati (Amati) applies for leave to file a second or successive habeas petition under 28 U.S.C. § 2254 (§ 2254).  We have jurisdiction under 28 U.S.C. § 2244.

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Michael Murphy, Senior Circuit Judge for the Tenth Circuit, sitting by designation.

A habeas petitioner may be permitted to file a second or successive habeas petition if, as relevant here: (1) the petitioner presents a new claim not previously raised, and (2) the petitioner establishes that "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(1)-(2); *see also Henry v. Spearman*, 899 F.3d 703, 705 (9th Cir. 2018).

Amati seeks relief under *Byford v. State*, 994 P.2d 700 (Nev. 2000). However, Amati's conviction was not final when *Byford* was decided, and Amati had the opportunity to include a *Byford* claim in his previous habeas petition in state court. His failure to do so resulted in a procedural default of that claim. *See Lounsbury v. Thompson*, 374 F.3d 785, 788 (9th Cir. 2004). Consequently, the current posture of Amati's proceedings is one of procedural default rather than retroactive application of case authority. *See id.* This procedural posture does not meet the standard for permission to file a second or successive habeas petition. *See Henry*, 899 F.3d at 705.

**APPLICATION DENIED**.