**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JAMES D. WOOTEN,
      *Petitioner-Appellant,*

v.

R. KIRKLAND, Warden,
      *Respondent-Appellee.*

No. 06-56575

D.C. No.
CV-05-06674-
RSWL(RZ)

OPINION

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, District Judge, Presiding

Argued and Submitted
June 3, 2008—Pasadena, California

Filed August 26, 2008

Before: William C. Canby, Jr., Jay S. Bybee, and
Milan D. Smith, Jr., Circuit Judges.

Opinion by Judge Milan D. Smith, Jr.

# COUNSEL

Jeffrey D. Price, Santa Monica, California, for the petitioner-appellant.

Carl N. Henry, Deputy Attorney General for the State of California, Los Angeles, California, for the respondent-appellee.

## OPINION

MILAN D. SMITH, JR., Circuit Judge:

Petitioner-Appellant, James Wooten, was convicted of murder in the first degree in California state court. After unsuccessful direct appeals, Wooten petitioned for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Central District of California. The district court dismissed Wooten's petition because of his failure to exhaust all issues that were the subject of the petition. Wooten appeals the district court's dismissal claiming, among other things, that he was entitled to a stay of his petition under *Rhines v. Weber*, 544 U.S. 269 (2005), because he had "good cause" for his failure to exhaust. Specifically, Wooten argues that he was "under the impression" that his counsel had included all the issues raised before the California Court of Appeal in his petition to the California Supreme Court. We affirm.

### FACTS AND PROCEDURAL BACKGROUND

#### A. Direct Appeal

Wooten appealed his conviction for felony murder to the California Court of Appeal. In his opening brief, Wooten, who was represented by counsel, argued that the trial court erred by admitting evidence of other crimes, failing to disclose evidence relating to third-party culpability, not issuing a jury instruction on third-party culpability, and because there was insufficient evidence to establish that a robbery occurred. Wooten also claimed cumulative error.[1] The California Court

---

[1] Cumulative error occurs when " 'although no single trial error examined in isolation is sufficiently prejudicial to warrant reversal, the cumulative effect of multiple errors [has] still prejudice[d] a defendant.' " *Whelchel v. Washington*, 232 F.3d 1197, 1212 (9th Cir. 2000) (quoting *United States v. Frederick*, 78 F.3d 1370, 1381 (9th Cir. 1996)).

of Appeal denied Wooten's cumulative error claim, affirmed Wooten's conviction and sentence, and modified the judgment to reflect that the murder was committed during an *attempted* robbery.

Wooten then filed for review in the California Supreme Court. In that petition, Wooten disputed the California Court of Appeal's finding that there was sufficient evidence to support an attempted robbery, and raised three other issues "to exhaust state remedies for federal habeas corpus purposes." Wooten did not raise his cumulative error claim, but his petition requested review "[f]or all of the reasons given herein and in the briefs to the Court of Appeal." The California Supreme Court denied review without explanation, and the United States Supreme Court denied certiorari.

## B.    Habeas Proceedings

Wooten filed his first amended petition for habeas corpus on October 5, 2005. Kirkland moved to dismiss Wooten's petition on the basis that Wooten had not exhausted his cumulative error claim before the California Supreme Court. Wooten, who was not represented by counsel, opposed the motion, claiming that he was "under the impression that all issues were properly exhausted" and that his counsel on direct appeal never advised him that any issues were not exhausted. He argued further that cumulative error "is an issue which governs the whole record of the Trial proceedin[g]s." Wooten also requested a stay or a continuance so that he could exhaust his cumulative error claim if the court concluded that claim was not exhausted.

In a recommendation to the district court, the magistrate judge stated that Wooten had many options at that juncture, "including: (1) allowing dismissal of the Petition; (2) proceeding on the exhausted claims by filing [an amended petition] deleting unexhausted claims and containing only the exhausted claims . . . ; and (3) pursuing a stay of the Petition

in order to return to state court to exhaust his unexhausted claim." The magistrate judge recommended that the district court dismiss the petition as partially exhausted.

Shortly thereafter, Wooten filed a motion for stay and abeyance so that the California Supreme Court could consider the habeas petition addressing his cumulative error claim, which Wooten filed after Kirkland filed its motion to dismiss. The magistrate judge recommended that the district court deny Wooten's motion because he had not shown "good cause" for his failure to exhaust. Wooten objected and filed a further motion against dismissal, arguing that the cumulative error claim was "so intertwined with every issue raised" before the California Supreme Court that it was exhausted. The district court denied Wooten's motion for stay and abeyance.

The magistrate judge filed a final report and recommendation suggesting that the district court dismiss the habeas petition as "mixed" without prejudice to Wooten filing a petition with only the exhausted claims. The magistrate judge noted that the court had twice informed Wooten that he could proceed with the exhausted claims by amending his petition, and that Wooten had not filed an amended petition. Wooten again objected to the conclusion that his cumulative error claim was not exhausted and requested that the district court retain jurisdiction over all claims it deemed exhausted. The district court dismissed Wooten's habeas petition.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction to review the dismissal of a habeas petition under 28 U.S.C. § 2253(a). We review the dismissal of a mixed habeas petition de novo. *Robbins v. Carey*, 481 F.3d 1143, 1146 (9th Cir. 2007). We also review whether a petitioner failed to exhaust state court remedies de novo. *Cook v. Schriro*, 516 F.3d 802, 816 (9th Cir. 2008). A district court's grant or denial of a stay is subject to abuse of discre-

tion review. *Jackson v. Roe*, 425 F.3d 654, 656 (9th Cir. 2005).

## DISCUSSION

### A. The District Court Did Not Abuse Its Discretion in Denying Wooten's Motion to Stay His Mixed Petition.

[1] Under 28 U.S.C. § 2254(b)(1)(A), the federal courts are not to grant a writ of habeas corpus brought by a person in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." This exhaustion requirement is "grounded in principles of comity" as it gives states "the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

[2] In *Rhines*, however, the Supreme Court held that a district court is permitted to stay a mixed petition—a petition containing both exhausted and unexhausted claims—in "limited circumstances," so that a petitioner may present his unexhausted claims to the state court without losing his right to federal habeas review due to the relevant one-year statute of limitations. 544 U.S. at 273-75, 277-78 (explaining how the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which imposed a one-year statute of limitations on the filing of federal petitions, affected the Court's analysis of mixed petitions). *Rhines* states that "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. Under *Rhines*, a district court must stay a mixed petition only if: (1) the petitioner has "good cause" for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics. *Id.* at 278.

Wooten argues that he was entitled to a stay under *Rhines* so that he could exhaust his cumulative error claim. We hold that the district court did not abuse its discretion in concluding that Wooten did not have "good cause" for failing to exhaust his cumulative error claim. As a result, we need not reach the other two factors in the *Rhines* test.

**[3]** In *Jackson*, we stated that "good cause" for failure to exhaust does not require "extraordinary circumstances." 425 F.3d at 661-62. But as the *Jackson* court recognized, we must interpret whether a petitioner has "good cause" for a failure to exhaust in light of the Supreme Court's instruction in *Rhines* that the district court should only stay mixed petitions in "limited circumstances." *Id.* at 661. We also must be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court. *Rhines*, 544 U.S. at 276-77. To conclude, in this case, that Wooten had "good cause" for his failure to exhaust would conflict with the Supreme Court's guidance in *Rhines* and disregard the goals of AEDPA.

**[4]** Wooten explains his failure to exhaust his cumulative error claim by stating that he was "under the impression" that his counsel included all of the issues raised before the California Court of Appeal in his petition before the California Supreme Court.² To accept that a petitioner's "impression" that a claim had been included in an appellate brief constitutes "good cause" would render stay-and-abey orders routine.

---

²In making this argument, Wooten fails to acknowledge that his counsel on direct appeal sent him a copy of his petition for review in the California Supreme Court, which did not mention "cumulative error." And, although Wooten calls his counsel "ineffective" for failing to include his cumulative error claim in his brief to the California Supreme Court, Wooten has not developed any ineffective assistance of counsel argument. He has not argued that his counsel's performance "fell below an objective standard of reasonableness" or that "the deficient performance prejudiced him." *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

Indeed, if the court was willing to stay mixed petitions based on a petitioner's lack of knowledge that a claim was not exhausted, virtually every habeas petitioner, at least those represented by counsel, could argue that he *thought* his counsel had raised an unexhausted claim and secure a stay. Such a scheme would run afoul of *Rhines* and its instruction that district courts should only stay mixed petitions in "limited circumstances." *Id.* at 277.

**[5]** Additionally, were we to endorse such a broad interpretation of "good cause" that allowed for routine stays of mixed petitions, we would also be undermining the goals of AEDPA. In authorizing stays of habeas petitions only in "limited circumstances," *Rhines* explicitly acknowledges AEDPA's dual purposes: to reduce delays in executing state and federal criminal sentences and to streamline federal habeas proceedings by increasing a petitioner's incentive to exhaust all claims in state court. *Id.* at 276-77. Stays, however, delay the execution of sentences and reduce a petitioner's incentive to exhaust all claims in state court. *See id.* at 277 ("Stay and abeyance, if employed too frequently, has the potential to undermine [AEDPA's] twin purposes.").

**[6]** For these reasons, we hold that Wooten's "impression" that his counsel had exhausted an unexhausted claim does not constitute "good cause" for failure to exhaust that claim. We, therefore, conclude that the district court did not abuse its discretion by concluding that Wooten did not have "good cause" for his failure to exhaust his cumulative error claim.[3]

---

[3]Wooten also argues that the district court erred by not advising him of the stay-and-abey procedure endorsed in *Calderon v. United States District Court (Taylor)*, 134 F.3d 981, 986 (9th Cir. 1998). This issue does not fall within either of the issues this court certified for appeal. We decline to expand the Certificate of Appealability to include this issue.

## B. The District Court Properly Dismissed Wooten's Habeas Petition.

**[7]** Wooten argues that the district court erred in dismissing his petition without first resolving his assertion that his cumulative error claim was exhausted.[4] We disagree. Wooten did not exhaust his cumulative error claim in the California Supreme Court by presenting it to the California Court of Appeal or because it was so "intertwined" with his exhausted claims. As a result, we conclude that the district court did not err in dismissing Wooten's habeas petition as mixed.

**[8]** The rule of exhaustion requires that a habeas petitioner "fairly present" his federal claims to each appropriate state court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). "Fair presentation requires that a state's highest court has 'a fair opportunity to consider . . . and to correct [the] asserted constitutional defect.' " *Lounsbury v. Thompson*, 374 F.3d 785, 787 (9th Cir. 2004) (quoting *Picard v. Connor*, 404 U.S. 270, 276 (1971)). A claim is not "fairly presented" if the state court "must read beyond a petition or a brief . . . in order to find material" that alerts it to the presence of a federal claim. *Baldwin*, 541 U.S. at 32 (concluding that a petitioner does not "fairly present" an issue for exhaustion purposes when the appellate judge can only discover the issue by reading a lower court opinion in the case). Wooten admits that his cumulative error claim was not set forth in his petition for review before

---

[4]Wooten did not develop any argument relating to this issue until his reply brief. We do "not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief." *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003) (internal quotations and citation omitted). We may, however, exercise our discretion and consider an issue that was not raised in an opening brief if "the failure to raise the issue properly did not prejudice the defense of the opposing party." *Id.* at 1048-49 (citation and internal quotations omitted). Wooten's failure to raise the issue did not prejudice Kirkland. Kirkland had notice of the issue as it was certified by this court and Kirkland briefed the issue. Moreover, Kirkland has not argued waiver.

the California Supreme Court. Thus, under *Baldwin*, Wooten's cumulative error claim was not "fairly presented" to the California Supreme Court, despite the fact that he presented it to the California Court of Appeal.

**[9]** Wooten is correct that this court has concluded that a petitioner has "fairly presented" a claim not named in a petition if it is "sufficiently related" to an exhausted claim. *See Lounsbury*, 374 F.3d at 788. Claims are "sufficiently related" or "intertwined" for exhaustion purposes when, by raising one claim, the petition clearly implies another error. *See id.* This exception does not apply when language in a petition for review indicates a petitioner's "strategic choice" not to present an issue for review. *Id.* In this case, Wooten's cumulative error claim was not sufficiently intertwined with his exhausted claims, and his petition suggests a strategic choice not to present his cumulative error claim to the California Supreme Court.

**[10]** Cumulative error comes into play when no single trial error is, on its own, sufficiently prejudicial to warrant reversal. *Whelchel*, 232 F.3d at 1212. Briefing a number of isolated errors that turn out to be insufficient to warrant reversal does not automatically require the court to consider whether the cumulative effect of the alleged errors prejudiced the petitioner. *Cf. Lounsbury*, 374 F.3d at 788 (holding that by exhausting his procedural due process challenge in his state court petition, the petitioner had fairly presented his substantive due process claim that he was tried while mentally incompetent because "the clear implication of his claim was that by following a constitutionally defective procedure, the state court erred in finding him competent").

**[11]** Wooten recited three out of the four alleged substantive errors in his brief to the California Supreme Court without developing any argument on those errors. Indeed, Wooten specified that he included those errors in order to exhaust them for the purpose of bringing a federal habeas petition.

That Wooten specifically noted that he was listing a number of errors for exhaustion purposes but omitted the cumulative error claim confirms that the California Supreme Court had no reason to conclude that Wooten also believed that there was cumulative error. *Cf. Peterson v. Lampert*, 319 F.3d 1153, 1159 (9th Cir. 2003) (en banc) ("Especially here, where a counseled petitioner raised both the state and federal issues in his briefing before the court of appeals, but then omitted the federal issue before the Oregon Supreme Court, there is reason to conclude that such omission may be a strategic choice by counsel . . . .").

**[12]** Finally, our decision in *Solis v. Garcia*, 219 F.3d 922 (9th Cir. 2000), suggests that a cumulative error claim must be clearly identified in a petitioner's brief before a state court to be exhausted. Unlike Wooten, the petitioner in *Solis* explicitly mentioned his cumulative error claim in the conclusion of his brief to the California Supreme Court. *Id.* at 930. We nevertheless concluded that the isolated reference to cumulative error was not sufficient to exhaust the claim. *Id.* We noted that the cumulative error was not labeled as an issue in the brief's table of contents and the petitioner did not argue cumulative error or cite any authority on cumulative error, "leaving the California Supreme Court with no argument on the issue from either side." *Id.* The same can be said of Wooten's petition before the California Supreme Court.

**[13]** Wooten's argument that the district court deprived him of due process by declining to hold jurisdiction over his exhausted claims before dismissing his petition also fails. Wooten had ample opportunity to amend his petition so that it would include only his exhausted claims. Wooten failed to do so and, as described above, the district court was not required to stay Wooten's mixed petition. If a stay is not appropriate, the well-established rule that the district court is not to retain jurisdiction over mixed petitions applies. *Olvera v. Giurbino*, 371 F.3d 569, 572 (9th Cir. 2004) (citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982)). Thus, the district court

correctly declined to consider Wooten's exhausted claims because they remained part of a mixed petition. *See Rhines*, 544 U.S. at 278 ("[I]f a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.").

## CONCLUSION

For these reasons, the district court's dismissal of Wooten's petition for a writ of habeas corpus is AFFIRMED.