MEMORANDUM **
California state prisoner John Olivares appeals the district court’s judgment denying his habeas corpus petition under 28 U.S.C. § 2254. He challenges his 2001 state court conviction for one count of murder and three counts of attempted murder. Olivares also requests that the panel grant his motion to expand the certificate of appealability (“COA”) to address an additional uncertified issue. We have jurisdiction under 28 U.S.C. § 2253. We affirm the district court’s denial of the petition and deny Olivares’s motion to expand the COA.
I.
The denial of a habeas petition is reviewed de novo. Tanner v. McDaniel, 493 F.3d 1135, 1139 (9th Cir.2007). We review the petition under the Anti-Terrorism and Effective Death Penalty Act of 1996 (“AEDPA”). Under AEDPA, a habeas petition cannot be granted unless the state court decision was (1) “contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,” or was (2) “based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.” 28 U.S.C. § 2254(d)(1)—(2).
II.
Olivares challenges his conviction on sufficiency grounds. Federal habeas corpus relief is available to a petitioner who claims the evidence was insufficient to support his conviction only where, considering the evidence in the light most favorable to the prosecution, no rational trier of fact could have found proof of guilt beyond reasonable doubt on the essential elements of the offense. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
Olivares asserts that the prosecution did not conclusively prove that he was the shooter. One witness identified Olivares as a passenger in the rear driver’s side seat of the shooter’s vehicle. Other witnesses saw shots coming from the back seat of the driver’s side soon after he entered the car. But Olivares notes that no witness who positively identified him was close enough to have a clear view of the shooting. Additionally, he notes that victims described the shooter as wearing light colored clothing, but witnesses testified that Olivares was wearing a dark jacket on the night of the shooting. Finally, he attacks the credibility of several prosecution witnesses.
Olivares’s argument is unpersuasive. While no single witness both identified Oli-vares and witnessed the shooting, the testimony of the witnesses taken together was sufficient to allow a jury to conclude beyond a reasonable doubt that Olivares was the shooter. See Jackson, 443 U.S. at 324-25, 99 S.Ct. 2781 (noting that the court should consider the entire trial record *496 when evaluating the sufficiency of the evidence to support a conviction).
Nor is Olivares entitled to relief based on the inconsistent descriptions of the shooter’s clothing. The jury could have disregarded the conflicting descriptions, finding that the other evidence was sufficient to prove that Olivares committed the crime. See Bruce v. Terhune, 376 F.3d 950, 957 (9th Cir.2004) (noting that the court must defer to the jury’s resolution and draw reasonable inferences to support the verdict).
Finally, Olivares’s challenge to the credibility of witnesses also fails. Such determinations are squarely within the province of the jury, and must be accepted unless they are inherently improbable.[1] United States v. Ramos-Rascon, 8 F.3d 704, 709 n. 3 (9th Cir.1993).
III.
We construe Olivares’s briefing as a request to certify the issue of whether improper jury instructions resulted in a denial of his Sixth Amendment right to a fair trial. 9th Cir. R. 22-l(f). We decline to expand the COA to include Olivares’s claim that the trial court improperly gave a jury instruction on unjoined perpetrators because Olivares has failed to make a “substantial showing of the denial of a constitutional right.” 28 U.S.C. § 2253(c)(2); Hiivala v. Wood, 195 F.3d 1098, 1104 (9th Cir.1999) (per curiam).
IV.
The judgment of the district court is AFFIRMED.

 This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36-3.

. Olivares argues that the testimony of Joseph Lopez was not credible because it was hearsay and raises confrontation clause issues. Olivares concedes that he did not exhaust his hearsay and confrontation arguments in state court. Despite his attempts to couch these unexhausted arguments in his credibility claims, he is not entitled to federal habeas relief on this basis. 28 U.S.C. § 2254(b)(1)(A); Wooten v. Kirkland, 540 F.3d 1019, 1023 (9th Cir.2008) (federal courts cannot grant a writ of habeas corpus unless the petitioner has exhausted the remedies available in the courts of the state).