**Enrique ALGALON, Petitioner–Appellant,**

v.

**Debra DEXTER, Respondent–Appellee.**

No. 06–56541.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009 *.

Filed Oct. 2, 2009.

Enrique Algalon, Blythe, CA, pro se.

Douglas P. Danzig, Esq., AGCA—Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

MEMORANDUM **

California state prisoner Enrique Algalon appeals from the district court's judgment dismissing his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253(a). We review the dismissal of a mixed habeas petition de novo, and a district court's grant or denial of a stay for abuse of discretion. *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008). We affirm.

The district court properly dismissed Algalon's petition because it was a mixed petition containing both exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The district court did not abuse its discretion in denying Algalon's motion to stay the mixed petition because Algalon did not demonstrate good cause for his failure to exhaust his state remedies prior to filing his federal habeas petition. *See Rhines v. Weber*, 544 U.S. 269, 277, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005) (requiring good cause for petitioner's failure to exhaust); *Wooten*, 540 F.3d at 1024 (holding that petitioner's belief that appellate counsel raised a claim before state court did not constitute good cause); *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir.1986)

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(holding that illiterate pro se litigant's reliance on another inmate's assistance was not sufficient cause).

The district court was not required to inform Algalon of the three-step procedure set out in *Kelly v. Small*, 315 F.3d 1063 (9th Cir.2003), and *Calderon v. United States District Court (Taylor)*, 134 F.3d 981 (9th Cir.1998). *See Pliler v. Ford*, 542 U.S. 225, 230–31, 124 S.Ct. 2441, 159 L.Ed.2d 338 (2004).

**AFFIRMED.**