**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 19 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RONALD ALEX STEVENSON, | No. 09-15629 |
| Petitioner - Appellant, | D.C. No. 3:06-cv-00571-BES-VPC |
| v. | |
| JACK PALMER; ATTORNEY GENERAL FOR THE STATE OF NEVADA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Brian E. Sandoval, District Judge, Presiding

Argued and Submitted January 11, 2011
San Francisco, California

Before: SCHROEDER, RAWLINSON, and BEA, Circuit Judges.

Petitioner Ronald Stevenson (Stevenson) appeals the district court's

dismissal of his petition for habeas corpus, pursuant to 28 U.S.C. § 2254.

Stevenson asserts that the district court erred by failing to grant a stay and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

abeyance so as to allow him to fully exhaust his available remedies in the state courts.

A district court must issue a stay and allow abeyance of a partially exhausted petition if the petitioner demonstrates: (1) there was good cause for the failure to exhaust his claims in state court; (2) the "unexhausted claims are potentially meritorious;" and (3) the petitioner has not "engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Stevenson failed to demonstrate good cause because he created the condition that led to his failure to exhaust his claims in state court. *See Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008) (eschewing a "broad interpretation of 'good cause'").

We decline to reach Stevenson's uncertified claim because he failed to make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Rhoades v. Henry*, 598 F.3d 511, 518 (9th Cir. 2010) (citation omitted).

**AFFIRMED.**