**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAYMOND N. COLEMAN,<br><br>    Petitioner-Appellant,<br><br>v.<br><br>WILLIAM KNIPP[*],<br><br>    Respondent-Appellee. | No. 10-17219<br><br>D.C. No. 09-CV-00638-GEB-GGH<br><br>MEMORANDUM[**] |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Submitted October 13, 2011[***]
San Francisco, California

Before: WALLACE and THOMAS, Circuit Judges, and GEORGE, Senior District
Judge.[****]

---

[*] William Knipp is substituted for his predecessor, Michael Martel, as Warden of Mule Creek
State Prison. Fed. R. App. P. 43(c)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided
by 9th Cir. R. 36-3.

[***] The panel unanimously concludes this case is suitable for decision without oral argument.
*See* Fed. R. App. P. 34(a)(2).

[****] The Honorable Lloyd D. George, Senior United States District Judge for the District of
Nevada, sitting by designation.

California state prisoner Raymond N. Coleman appeals from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Coleman contends that the state trial court deprived him of his Fourteenth Amendment right to a fair trial when it admitted impeachment evidence of his prior felony conviction. Coleman also contends that the state trial court deprived him of his Sixth and Fourteenth Amendment rights to a fair trial when it precluded his counsel from pursuing a particular line of questioning while cross-examining an expert witness.

Admission of Coleman's prior felony conviction does not justify federal habeas relief under the AEDPA, *see Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009), and Coleman has conceded this point. Coleman is not entitled to habeas relief based on the trial court's exclusion of expert testimony because Coleman cannot maintain that the discretionary exclusion of expert testimony warrants federal habeas relief under clearly established federal law, *see Brown v. Horell*, 644 F.3d 969, 982-83 (9th Cir. 2011); *Moses v. Payne*, 555 F.3d 742, 757-60 (9th Cir. 2009), or, even assuming constitutional error, that the exclusion of this evidence had a "substantial and injurious effect or influence in determining the jury's verdict," *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993); *Bains v. Cambra*,

204 F.3d 964, 977 (9th Cir. 2000).

We decline to address Coleman's uncertified cumulative error argument. Coleman failed to comply with the rules in presenting this uncertified issue, *see* 9th Cir. R. 22-1(e) & Committee Note, and, in any event, he has not made a "'substantial showing of the denial of a constitutional right'" sufficient for amendment of the certificate of appealability, *Hiivala v. Wood*, 195 F.3d 1098, 1104 (9th Cir.1999) (quoting 28 U.S.C. § 2253(c)(2)); *see also Wooten v. Kirkland*, 540 F.3d 1019, 1025 (9th Cir. 2008); *Solis v. Garcia*, 219 F.3d 922, 930 (9th Cir. 2000).

**AFFIRMED.**