**NOT FOR PUBLICATION**

FILED

JUN 06 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FREDERICK VINCENT THIECKE, | No. 10-17594 |
| Petitioner-Appellant, | D.C. No. 05:06-cv-0161 JF/HRL |
| v. | |
| SCOTT M. KERNAN, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jeremy Fogel, District Judge, Presiding

Argued and Submitted April 21, 2017
San Francisco, California

Before: TASHIMA and PAEZ, Circuit Judges, and AMON,[**] District Judge.

Following a jury trial, Frederick Thiecke was found guilty in state court of

two counts of first-degree murder of his mother Libby Green and his stepfather

Denny Green and was sentenced to life imprisonment. Thiecke presented a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

diminished capacity defense at trial, arguing that he lacked the requisite mental state for first-degree murder. He appealed his convictions to the California Court of Appeal, which affirmed unanimously. Thiecke subsequently filed a federal petition for a writ of habeas corpus in which he argued that the state trial court violated his due process right to present a defense by: (1) limiting the extent to which Dr. David Foster, the defense's expert witness, could relate hearsay evidence to the jury while allowing the prosecution greater latitude to elicit hearsay on cross-examination; (2) excluding evidence of the victims' background, lifestyle, and prior bad acts; and (3) excluding evidence of Thiecke's neglect and abuse by the victims. Applying the deferential standard of review established by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the district court dismissed Thiecke's habeas petition. Thiecke now appeals that decision. We review a district court's denial of a petition for a writ of habeas corpus de novo, *Visciotti v. Martel*, 839 F.3d 845, 856 (9th Cir. 2016), and we affirm.

AEDPA "sharply limits the circumstances in which a federal court may issue a writ of habeas corpus to a state prisoner whose claim was 'adjudicated on the merits in State court proceedings.'" *Johnson v. Williams*, 133 S.Ct. 1088, 1094 (2013) (quoting 28 U.S.C. § 2254(d)). Here, Thiecke contends the California Court of Appeal did not adjudicate his constitutional claims on the merits. "When

2

a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 562 U.S. 86, 99 (2011). Although this presumption "may be overcome when there is reason to think some other explanation for the state court's decision is more likely," *id.* at 99–100, Thiecke makes no such showing. Rather, the California Court of Appeal's decision makes reference to the Due Process Clause. Furthermore, although the California Court of Appeal's opinion discusses California law, the relevant California standards are "at least as protective" as the relevant federal standards, so "the federal claim[s] may be regarded as having been adjudicated on the merits." *Johnson*, 133 S.Ct. at 1096. Therefore, the highly deferential standard of review established by AEDPA applies.

**1.** Thiecke first argues the trial court violated his due process right to present a defense by limiting the extent to which Dr. Foster could testify about the hearsay statements on which he based his opinion. The principal hearsay statements that Thiecke contends were improperly excluded concern Thiecke's abuse and neglect by the victims. The California Court of Appeal's rejection of this claim was neither contrary to, nor an unreasonable application of, Supreme

3

Court precedent. *See* 28 U.S.C. § 2254(d)(1). Under *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973), the exclusion of hearsay statements that are critical to the defense and that bear "persuasive assurances of trustworthiness" may rise to the level of a due process violation. However, in contrast to the excluded statements in *Chambers*, the excluded hearsay testimony here was not directly exculpatory. Moreover, the excluded statements had fewer indicia of reliability. Dr. Foster testified that Thiecke himself did not acknowledge "much" physical abuse, which casts doubt on the reliability of the other declarants' statements that Thiecke was abused. Furthermore, the hearsay statements were made to the defense's expert witness preparing to testify at trial, not "spontaneously to a close acquaintance." *Id.* at 300. Accordingly, the California Court of Appeal's decision was not an unreasonable application of *Chambers*. *See United States v. Scheffer*, 523 U.S. 303, 316 (1998) ("*Chambers* specifically confined its holding to the 'facts and circumstances' presented in that case . . . .").

Thiecke makes a related claim that the trial court violated his due process right to present a defense by allowing the prosecution greater latitude to elicit hearsay information in its cross-examination of Dr. Foster. The California Court of Appeal's rejection of this claim was neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the Supreme Court.

4

*See* 28 U.S.C. § 2254(d)(1). The Supreme Court has held that the admission of evidence only implicates due process when the "evidence 'is so extremely unfair that its admission violates fundamental conceptions of justice . . . .'" *Perry v. New Hampshire*, 565 U.S. 228, 237 (2012) (quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990)). Because Thiecke has not demonstrated that the hearsay evidence the prosecution was permitted to introduce on cross-examination violated fundamental conceptions of justice, the California Court of Appeal's rejection of this argument was neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the Supreme Court. Furthermore, the California Court of Appeal correctly concluded that any error was non-prejudicial because, as Thiecke concedes, defense counsel was permitted to elicit similar hearsay testimony from Dr. Foster on redirect examination.

**2.** Thiecke next argues the trial court violated his constitutional rights by prohibiting him from introducing evidence of traces of methamphetamine revealed in the victims' autopsies, pornographic videotapes found in the victims' apartment, and evidence that Thiecke's mother had solicited the murder of a previous husband. The California Court of Appeal rejected this argument, finding that this evidence was only marginally related to Thiecke's theory of defense. The Constitution permits the exclusion of evidence whose "probative value is

5

outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury." *Holmes v. South Carolina*, 547 U.S. 319, 326 (2006). Thiecke does not meaningfully address the California Court of Appeal's conclusion that the evidence of the Greens' background and lifestyle was properly excluded because it had little relevance. Thiecke only offers conclusory assertions that this evidence was probative which are insufficient to demonstrate that the California Court of Appeal's application of Supreme Court precedent was objectively unreasonable.

**3.** Thiecke also contends that the trial court erred by prohibiting him from introducing evidence of his abuse and neglect by the victims. However, the trial court never issued a categorical prohibition from introducing evidence of Thiecke's abuse and neglect. The California Court of Appeal's rejection of Thiecke's claim that the trial court erred in issuing such a ruling was neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1).

Even if the exclusion of evidence rose to the level of a constitutional violation, any error was harmless under *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993). First, as the California Court of Appeal noted, much of the testimony that Thiecke complains was excluded was, in fact, ultimately presented to the jury,

6

including evidence that Thiecke grew up in an environment of extreme stress, and suffered deprivation at the hands of his mother, Dr. Foster was thus able to convey his opinion to the jury and at least some hearsay evidence that formed the basis of that opinion. Furthermore, the evidence of Thiecke's guilt was overwhelming. The prosecution presented substantial evidence at trial that Thiecke had the requisite mental state to commit first-degree murder, including the undisputed testimony that Thiecke (1) repeatedly threatened to kill his mother after learning his car was repossessed, (2) shot the Greens in their house, (3) burned his clothes, (4) buried the gun in a planter box, and (5) fled the jurisdiction. Accordingly, we conclude that the exclusion of evidence about which Thiecke complains did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Id.*

4. Finally, Thiecke raises a cumulative error argument for the first time in his reply brief. The Court will not consider this cumulative error claim because it is not exhausted, *see Wooten v. Kirkland*, 540 F.3d 1019, 1025–26 (9th Cir. 2008), the issue was not certified for appeal, and Thiecke failed to comply with the Ninth Circuit's rules in presenting this uncertified issue, *see* 9th Cir. R. 22-1(e) & Committee Note.

**AFFIRMED.**