FOR PUBLICATION

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

GREGORY BOLIN,
*Petitioner-Appellant*,

v.

RENEE BAKER, Warden; ATTORNEY
GENERAL FOR THE STATE OF
NEVADA,
*Respondents-Appellees.*

No. 15-99004

D.C. No.
3:07-cv-00481-
MMD-VPC

OPINION

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Argued and Submitted March 18, 2021
San Francisco, California

Filed April 26, 2021

Before: William A. Fletcher, Richard A. Paez, and
Milan D. Smith, Jr., Circuit Judges.

Opinion by Judge W. Fletcher

# SUMMARY[*]

## Habeas Corpus

The panel reversed the district court's denial of a stay and abeyance pending exhaustion of unexhausted claims, under *Rhines v. Weber*, 544 U.S. 269 (2005), and remanded, in a case in which Nevada state prisoner Gregory Bolin filed a 28 U.S.C. § 2254 habeas corpus petition contesting the constitutionality of his conviction and capital sentence.

The district court held that Bolin lacked "good cause" under *Rhines* for his failure to exhaust because his state post-conviction counsel's ineffective assistance of counsel (IAC) was not "sufficiently egregious." This court subsequently held in *Blake v. Baker*, 745 F.3d 977 (9th Cir. 2014), that IAC by a petitioner's state-court counsel satisfies the "good cause" standard under *Rhines*.

The panel held that the district court erred in applying the standard later rejected in *Blake*, and remanded for the district court to apply the proper standard.

## COUNSEL

Elizabeth Richardson-Royer (argued), San Francisco, California; Amy M. Karlin, Interim Federal Public Defender; Jonathan Schneller and Andrew Yamsuan, Deputy Federal

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Public Defenders; Office of the Federal Public Defender, Los Angeles, California; for Petitioner-Appellant.

Jessica E. Perlick (argued), Senior Deputy Attorney General; Heidi Parry Stern, Chief Deputy Attorney General; Aaron D. Ford, Attorney General; Attorney General's Office, Las Vegas, Nevada; for Respondents-Appellees.

Ishan K. Bhabha and Corinne M. Smith, Jenner & Block LLP, Washington, D.C.; Karen A. Newirth, Innocence Project Inc., New York, New York; for Amicus Curiae The Innocence Project.

## OPINION

W. FLETCHER, Circuit Judge:

Gregory Bolin, a Nevada prisoner, filed a habeas corpus petition under 28 U.S.C. § 2254 contesting the constitutionality of his conviction and capital sentence. The petition was "mixed," including both exhausted and unexhausted claims. The district court denied a stay and abeyance under *Rhines v. Weber*, 544 U.S. 269 (2005), holding that Bolin lacked "good cause" under *Rhines* for his failure to exhaust. In the view of the district court, Bolin did not satisfy the *Rhines* standard because his state post-conviction counsel's ineffective assistance of counsel ("IAC") was not "sufficiently egregious." In a habeas case decided after the district court's decision, we held that IAC by a petitioner's state-court counsel satisfies the "good cause" standard under *Rhines*. *Blake v. Baker*, 745 F.3d 977 (9th Cir. 2014). We reverse and remand for reconsideration of Bolin's *Rhines* motion under the proper standard.

## I. Factual and Procedural Background

In 1996, a Nevada jury convicted Bolin of first-degree kidnapping, sexual assault, and the first-degree murder of Brooklyn Ricks. The jury sentenced him to death. On direct appeal, the Nevada Supreme Court affirmed his conviction and sentence. *See Bolin v. State*, 960 P.2d 784, 804 (Nev. 1998). His motion for rehearing was denied, as was his petition for certiorari to the United States Supreme Court. *Bolin v. Nevada*, 525 U.S. 1179 (1999).

Bolin filed a *pro se* habeas petition in Nevada state court in April 1999. Pursuant to Nevada law, the state court appointed counsel to represent Bolin. *See* Nev. Rev. Stat. Ann. § 34.820(1)(a). The state district court denied Bolin's petition in 2005, and the Nevada Supreme Court affirmed in 2007. The Supreme Court denied his petition for certiorari. *Bolin v. Nevada*, 552 U.S. 1231 (2008).

Bolin filed a habeas petition in federal district court in Nevada in 2007. In his second amended petition, he raised fifty-five claims, of which twenty-nine were unexhausted either in whole or in part. The district court held that Bolin would need to abandon those claims or face dismissal of his entire petition under *Rose v. Lundy*, 455 U.S. 509 (1982). Bolin argued that there was good cause under *Rhines* for his failure to exhaust because his post-conviction counsel had been ineffective in failing to investigate and raise the unexhausted claims. The district court rejected this argument because *Rhines* stays are appropriate only in "limited circumstances," and an IAC claim "could be raised in virtually every case."

On a motion for reconsideration, the district court reasoned that it "d[id] not matter" what support Bolin provided for his IAC claim because he was "bound by the acts of his counsel." The court cited with approval district court decisions holding that good cause for failure to exhaust required an excuse "outside the control of the petitioner *and his counsel*." The court held that a "sufficiently egregious" IAC claim might "[c]oncievably" support a showing of good cause.

After the district court denied his *Rhines* motion, Bolin abandoned his unexhausted claims. In 2015, the district court, now with a different judge, denied habeas relief on Bolin's exhausted claims. The court noted that our intervening decision in *Blake* had cast doubt on its earlier decision to deny the *Rhines* stay and granted a certificate of appealability to allow Bolin to appeal on that issue.

In his appeal to us, Bolin raises two uncertified issues in addition to the *Rhines* issue: (1) that the eyewitness identification of a key witness, arranged by law enforcement, was unnecessarily suggestive and violated due process under *Manson v. Brathwaite*, 432 U.S. 98 (1977); and (2) that in failing to deal appropriately with DNA evidence, Bolin's two trial counsel were ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984). We ordered supplemental briefing on these issues. However, we do not reach either issue today and express no view on their merits. Because we do not reach those issues, we also do not reach Bolin's motion for judicial notice.

On the certified issue, we hold that the district court applied the wrong standard when it denied Bolin's *Rhines*

motion.  We reverse and remand for the application of the proper standard.

## II.  Standard of Review

We review the district court's denial of a stay and abeyance motion for abuse of discretion.  *Blake*, 745 F.3d at 980.

## III. Discussion

Under *Lundy*, federal courts may not adjudicate "mixed petitions" for habeas corpus—that is, petitions that contain both exhausted and unexhausted federal claims.  455 U.S. 510.  When *Lundy* was decided, there was no statute of limitations on the filing of habeas petitions.  A habeas petitioner could return to state court to exhaust his claims and refile in federal court after exhausting without worrying about the timeliness of a refiled federal petition.

This changed under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  AEDPA preserved *Lundy*'s total exhaustion requirement, but imposed a new one-year statute of limitations on the filing of federal habeas petitions. *See* 28 U.S.C. §§ 2254(b)(1)(A), 2244(d).  Though state post-conviction proceedings toll the limitations period under AEDPA, *id.* § 2244(d)(2), the pendency of a habeas petition in federal court does not.  *See Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).  As a result, a federal habeas petitioner was trapped between *Lundy* and the one-year statute of limitations.   The trap required petitioners to abandon unexhausted claims, without regard to their merit and without regard to the reason why they were unexhausted, in order to pursue their exhausted claims.

The Supreme Court addressed this problem in *Rhines.* It held that federal district courts may issue a stay-and-abeyance order "in limited circumstances" in order to permit a petitioner with unexhausted claims to return to state court to exhaust them. *Rhines*, 544 U.S. at 277. Stay and abeyance is appropriate under *Rhines* when "[1] the petitioner had good cause for his failure to exhaust, [2] his unexhausted claims are potentially meritorious, and [3] there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

Subsequent case law has elaborated on what a petitioner must show to satisfy *Rhines*' "good cause" requirement. The Supreme Court has held that a "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause.'" *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines*, 544 U.S. at 278). Our court has held that good cause does not require a showing of "extraordinary circumstances." *Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005). However, the good cause standard is not met by a bare statement that a petitioner was "under the impression" that his claims were exhausted. *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008).

In *Blake*, federal habeas petitioner Alfonso Manuel Blake had made an IAC claim, contending that his trial counsel "fail[ed] to discover and present to the jury evidence of [his] abusive upbringing and history of mental illness." *Blake*, 745 F.3d at 979. The claim was unexhausted because Blake had not raised it in any of his state-court proceedings. Blake could secure a stay and abeyance order, allowing him to return to state court, only if he demonstrated "good cause" for his failure to exhaust. Blake argued that the good cause requirement was satisfied because his post-conviction counsel

had *also* been ineffective in failing to discover, investigate, and present this "readily available" mitigation evidence to the state habeas court. *Id.* at 983. The district court denied the stay. It reasoned that, because a *Strickland* argument "could be raised in virtually every case," it could never satisfy *Rhines*. *Id.* at 979.

We disagreed, holding that Blake had established good cause under *Rhines* because he had demonstrated "that [his] state post-conviction counsel's performance was defective under the standard of *Strickland*." *Id.* at 983. He had shown that his counsel "failed to discover, investigate, and present to the state courts readily available evidence." *Id.* We reiterated, of course, that a "bald assertion cannot amount to a showing of good cause" but emphasized that Blake had provided "a reasonable excuse[] supported by evidence." *Id.* at 982.

We held in *Blake* that the *Rhines* standard is "not any more demanding than the cause standard articulated in *Martinez*[ *v. Ryan*, 566 U.S. 1, 14 (2012)]." *Id.* at 984. *Martinez* excuses state procedural default and permits a petitioner to entirely "*bypass* the state court." *Id.* (emphasis added). Logically, *Rhines* should require no more, as it permits a petitioner only to "*return* to state court." *Id.* (emphasis added). We wrote that because a *Rhines* stay and abeyance order "does not undercut the interests of comity and federalism," it might be permitted in even more situations than IAC by post-conviction state-court counsel, but we did not need to reach that question. *Id*. at 984 & n.7.

We note for the benefit of the district court that after it ruled on Bolin's petition we provided guidance as to what constitutes a "potentially meritorious" claim under *Rhines*.

In *Dixon v. Baker*, 847 F.3d 714 (9th Cir. 2017), habeas petitioner Dixon contended that his trial counsel had provided IAC in failing to object when the prosecution, in its opening statement, "projected before the jury [his] booking photograph with the word 'GUILTY' written across it." *Id.* at 722. We held that Dixon's claim satisfied the second criterion of *Rhines* because it was not "plainly meritless." *Id.* at 722–23 (quoting *Rhines*, 544 U.S. at 277).

## Conclusion

The district court erred in applying the standard we later rejected in *Blake*. We reverse and remand for the court to apply the proper standard in ruling on Bolin's *Rhines* motion.

**REVERSED and REMANDED.**