**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GAGIK AKOPYAN,<br><br>　　　　　Petitioner-Appellant,<br><br>　v.<br><br>BRIAN CATES, Warden,<br><br>　　　　　Respondent-Appellee. | No.　22-55968<br><br>D.C. No.<br>2:21-cv-06696-RSWL-DFM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, District Judge, Presiding

Submitted February 6, 2024[**]
Pasadena, California

Before: OWENS, BUMATAY, and MENDOZA, Circuit Judges.

Gagik Akopyan appeals from the district court's denial of his habeas corpus petition brought under 28 U.S.C. § 2254, raising a federal actual innocence claim. The district court denied relief because it concluded that Mr. Akopyan had failed to exhaust his state-court remedies. We have jurisdiction under 28 U.S.C. §§ 1291

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and 2253, review the district court's decision de novo, *Kyzar v. Ryan*, 780 F.3d 940, 946 (9th Cir. 2015), and affirm.

A federal court may not grant habeas relief unless a petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "A petitioner satisfies the exhaustion requirement by fully and fairly presenting each claim to the highest state court." *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009). "In order to 'fairly present' an issue to a state court, a [habeas] petitioner must 'present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief.'" *Gulbrandson v. Ryan*, 738 F.3d 976, 992 (9th Cir. 2013) (quoting *Scott*, 567 F.3d at 582); *see also Gray v. Netherland*, 518 U.S. 152, 163 (1996) (reasoning that failure to exhaust state-court remedies is a "procedural bar"). Mr. Akopyan did not fairly present his federal actual innocence claim to the California Supreme Court.

1.     Mr. Akopyan's state-court briefing does not cite "to either a federal or state case involving the legal standard for [his] federal constitutional violation," which would be "sufficient to establish exhaustion." *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). Instead, Mr. Akopyan sought relief under California Penal Code § 1473(b)(1) in state court, where he exclusively relied on California law addressing whether false testimony at his trial was "substantially material or

2

probative on the issue of guilt or punishment." Indeed, Mr. Akopyan mentioned federal law only to distinguish it, explaining that California's materiality standard differed from the federal "more likely than not" standard.

In response, Mr. Akopyan argues that he exhausted his federal actual innocence claim because he presented the facts necessary to make the claim to the state court, and he mentioned "actual innocence," "Due Process," and the "right to a fair trial" in his state-court briefing. As the Supreme Court reasoned in *Gray*, however, "we [have] rejected the contention that the petitioner satisfied the exhaustion requirement of 28 U.S.C. § 2254(b) by presenting the state courts only with the facts necessary to state a claim for relief." 518 U.S. at 163 (discussing *Picard v. Connor*, 404 U.S. 270, 277–78 (1971)). And we have long held that "isolated reference[s]" to constitutional errors are "not sufficient to exhaust the claim." *Wooten v. Kirkland*, 540 F.3d 1019, 1026 (9th Cir. 2008); *see also Castillo*, 399 F.3d at 999 ("Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." (quoting *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999))). Mr. Akopyan's single, passing reference to his "actual innocence" does not clear *Wooten* or *Hiivala*'s bar.

2. Additionally, Mr. Akopyan's presentation of a section 1473(b)(1) claim does not exhaust his federal actual innocence claim. *See Castillo*, 399 F.3d at 999 ("Nor

is it enough to raise a state claim that is analogous or closely similar to a federal claim."). Under California law, section 1473(b)(1) claims require that false evidence be sufficiently material, such that "there is a reasonable probability [that] the result would have been different without the false evidence." *In re Masters*, 446 P.3d 235, 254 (Cal. 2019) (quoting *In re Figueroa*, 412 P.3d 356, 365 (Cal. 2018)). By contrast, a federal actual innocence claim—assuming but not deciding that such a claim is "cognizable" in the "non-capital context"—requires a petitioner to meet the "extraordinarily high" bar of demonstrating "that in light of new evidence, it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt." *Prescott v. Santoro*, 53 F.4th 470, 482 (9th Cir. 2022) (alteration in original) (internal citations and quotation marks omitted). Here, Mr. Akopyan did not attempt to discuss, much less meet, the federal more-likely-than-not standard. In sum, Mr. Akopyan's presentation of his section 1473(b)(1) claim to the state court did not fairly present his federal actual innocence claim and, thus, he has not exhausted his state-court remedies.

**AFFIRMED.**